IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN BANDY,<br>                    Defendant. | CRIMINAL ACTION<br><br>No.  92-448 |

## M E M O R A N D U M   &   O R D E R

Katz, S.J.                                                                                            September 25, 2007

Now before the court is a Petition for Revocation prepared by the Probation Office on March 14, 2007, and amended on June 1, 2007.  Upon consideration of the submissions of the Government attorney and the Probation Office, and after a hearing, the court makes the following findings of fact and conclusions of law.

**I.      Findings of Fact**

1.      Defendant Kevin Bandy pled guilty to one count of interference with commere by robbery and one count of interstate transportation of stolen property.  On January 27, 1993, this court sentenced Defendant to seventy (70) months imprisonment, to be followed by three years of supervised release.  As part of his sentence, this court imposed the following special conditions:

    a.      Defendant is to pay restitution in the amount of $10,498; and

    b.    Defendant shall submit to such drug and alcohol testing as the probation office determines necessary.

2. On October 19, 2000, Defendant appeared before this court for a violation hearing at which time supervised release was revoked. Defendant was committed to the custody of the U.S. Bureau of Prisons for a period of twelve months, to be followed by two years of supervised release.

3. On February 27, 2007, Defendant was released in the Eastern District of Pennsylvania from the United States Penitentiary (Lewisburg) to commence his three-year term of supervised release.

4. As a condition of release, Defendant was required to report in person to the probation office in the district in which he was released within seventy-two (72) hours of release from custody of the Bureau of Prisons.

5. As of March 14, 2007, Defendant had failed to report to the U.S. Probation Office, and his present whereabouts remained unknown until after his arrest on May 21, 2007 by the Henrico County Police Department in Richmond, Virginia.

6. As a condition of release, Defendant must refrain from committing another Federal, state or local crime.

7. On May 21, 2007, Defendant was arrested by the Henrico County Police Department in Richmond, Virginia and charged with two counts of larceny.

8. According to the arrest report, on May 21, 2007, Henrico Police officers responded to a report of larceny at a local shopping center. A witness informed the officers that Defendant had entered her store with others, and attempted to conceal a pair of sunglasses on his person. Once the witness saw Defendant conceal the pair of sunglasses, she challenged him and he removed them from under his shirt, stating that he intended to pay for them. The witness further noted that Defendant went behind the cash register and picked up two banking envelopes that were located on the floor. Those envelopes contained sales drafts receipts with customers' names, checks, and sales receipts with credit card numbers. Defendant attempted to leave the store with these envelopes in his hand, but the witness was able to remove the envelopes from Defendant's possession. Mall security followed Defendant and the other suspects until Henrico Police arrived. Defendant and the others were arrested by the police and were subsequently taken into custody.

9. On August 15, 2007, Defendant pled guilty to grand larceny in the Henrico County Circuit Court. He was sentenced to the custody of the Virginia

Department of Corrections for the term of two years, the execution of one year and ten months of which is suspended for five years, on the condition that Defendant keep the peace and be of good behavior. Defendant was also ordered to pay the costs of the case in the amount of $855.00.

## II.     Conclusions of Law

1. Supervised release is governed by the provisions of 18 U.S.C. § 3583. In determining the modification of supervised release, the court is to consider the factors set forth in 18 U.S.C. § 3553(a)(1). See 18 U.S.C. § 3583(e). These factors include the nature and circumstances of the offense, Defendant's history and characteristics, and the need for the sentence to punish, deter, incapacitate, and rehabilitate. See 18 U.S.C. § 3553(a). The court should also consider the types of sentences available, relevant policy statements, and the need to avoid sentencing disparities. See id.

2. If, after considering the foregoing factors, the court finds by a preponderance of evidence that Defendant has committed the violations alleged, the court may alter the terms of supervised release. The court may release and discharge Defendant, revoke supervised release, or order electronic monitoring. See 18 U.S.C. § 3583(e)(1)-(4).

3. Although the Sentencing Guidelines' treatment of revocation of supervised release is advisory rather than mandatory, as noted previously, these policy statements are one of the factors the court must consider in addressing modification of supervised release.  See United States v. Schwegel, 126 F.3d 551 (3d Cir. 1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

4. As a result of Defendant's failure to report to the Probation Office within seventy-two (72) hours after his release from the custody of the Bureau of Prisons on February 27, 2007, this court FINDS that Defendant has committed a Grade C violation of the terms and conditions of his supervised release.  See U.S.S.G. § 7B1.1(a)(3).

5. As a result of his May 21, 2007 arrest by Henrico County Police Department and his guilty plea of August 15, 2007, this court FINDS by a preponderance of the evidence that Defendant has committed a state or local crime, and has therefore committed a Grade B violation of the terms and conditions of his supervised release.  See U.S.S.G. § 7B1.1(a)(2).

6. Where there is more than one violation of the conditions of supervision, the grade of the violation is determined by the violation having the most serious

grade. U.S.S.G. § 7B1.1(b).  Thus, Defendant has committed a Grade B violation of the terms and conditions of his supervised release.

7. Should the court choose to revoke Defendant's supervised release rather than modify its terms, the recommended range for a Grade B violation is twenty-one to twenty-seven months of imprisonment, as Defendant's criminal history category is VI.  See id. §§ 7B1.1(b),  7B1.4(a).  The statutory maximum term of imprisonment upon revocation is two years, as Defendant's original offenses were both Class C felonies.  See 18 U.S.C. §§ 3583(e)(3), 3559(a)(3).

8. Upon consideration of 18 U.S.C. § 3553(a), the court revokes Defendant's supervised release and imposes a sentence of twenty-one (21) months.  The court does not impose a further term of supervised release following the conclusion of this sentence.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN BANDY,<br>　　　　　Defendant. | CRIMINAL ACTION<br><br>No.  92-448 |

### O R D E R

**AND NOW**, this 25th day of September, 2007, upon consideration of the Petition for Revocation of Supervised Release, the Government's Proposed Findings of Fact and Conclusions of Law, and after a hearing, it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. Defendant's supervised release is **REVOKED**;

2. Defendant is committed to the custody of the Bureau of Prisons for a term of twenty-one (21) months; and

3. There shall be no further term of supervised release after defendant's release from imprisonment.

　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　/s/ Marvin Katz

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　**MARVIN KATZ, S.J.**